# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STACI-JO BARNES,

**Plaintiff,**

-vs-                                           Case No.  6:08-cv-1682-Orl-18GJK

SOCIAL SECURITY ADMINISTRATION,
FEDERAL BUREAU OF INVESTIGATION,

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS** (Doc. No. 25) |
| **FILED:** | **April 29, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND

    On September 30, 2008, the Social Security Administration and the Federal Bureau of Investigation (collectively, the "Defendants") removed Staci-Joe Barnes's (the "Plaintiff") two-count complaint (the "Complaint") to the United States District Court for the Middle District of Florida, Orlando Division.  Doc. No. 1.  In Count I of the Complaint, Plaintiff alleged that the Defendants and the

Florida Department of Children and Families released her confidential medical information to "the media" in violation of the Privacy Act, 5 U.S.C. § 552a(b). Doc. No. 2. In Count II, Plaintiff alleged that the Defendants obtain said information through wiretapping, computer hacking, and surveillance. Doc. No. 2. On March 11, 2009, the Honorable G. Kendall Sharp granted the Defendants Motion to Dismiss (Doc. No. 20) and dismissed the Complaint without prejudice (the "Order") because Count I failed to allege sufficient facts to sustain an action under the Privacy Act and Count II failed to allege "any cognizable cause of action." Doc. No. 23.

On February 11, 2009, the Motion to Dismiss was filed. Doc. No. 20. Plaintiff did not file a timely response to the Motion to Dismiss. *See* Doc. No. 23 at 1, n. 1. On March 10, 2009, some twenty-eight days later, Plaintiff filed a Motion to Quash Defendants' Motion to Dismiss. Doc. No. 22. In the Motion to Quash's Certificate of Service, it states that the motion was electronically filed on February 19, 2009 with the Clerk of the Court. Doc. No. 22 at 9. The docket shows that the Motion to Quash was electronically filed on March 10, 2009, and the date stamp also reflects that the Motion was filed on March 10, 2009. See. Doc. No. 22. In the Order, Judge Sharp noted that Local Rule 3.01(a) provides that each party has ten days to file a memorandum in opposition to a motion, and the Case Management and Scheduling Order provides that if no memorandum in opposition has been filed, "the Court routinely grants the motion as unopposed." Doc. No. 23 at n. 1 (citing Local Rule 3.01(a), Doc. No. 19 at 5). Thus, Plaintiff's Motion to Quash was not a timely response to the Motion to Dismiss and was denied as moot. *See* Doc. No. 23 at 3.

On April 14, 2009, Plaintiff filed a Notice of Appeal. Doc. No. 24. In the Notice of Appeal, Plaintiff states the following in pertinent part:

Pursuant to the 1st, 4th, 9th, and 14th Amendments of the United States

Constitution, the District Court's Ruling is UNCONSTITUTIONAL. It is also ERRONEOUS because the Appellant in fact submitted a timely Motion to Quash Appellee's Motion to Dismiss. Appellant's Motion to Quash was submitted electronically on February 19, 2009 to the Clerk of the Court, Middle District of Florida, Orlando Division, 8 days in receipt of the District and suffering, exasperated depression and extreme psychological anguish.

Doc. No. 24 at 1-2. The remainder of the Notice of Appeal is a legal memorandum regarding the merits of the appeal. Doc. No. 24 at 3-8. On April 29, 2009, Plaintiff filed the present Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (the "Motion"). Doc. No. 25. The Motion is presently before the Court.

## II.     APPLICABLE LAW

Section 1915 of 28 U.S.C. and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). Section 1915 (a) provides, in relevant part:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

        *     *     *

(3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis added). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines
that --
     (A)  the allegation of poverty is untrue; or
     (B)  the action or appeal --
          (i)  is frivolous or malicious;
          (ii) fails to state a claim on which relief
               may be granted; or
          (iii)  seeks monetary relief against a
                defendant who is immune from
                such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co*., 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

# III.    ANALYSIS

The undersigned recommends that Court find that Plaintiff's appeal is not taken in good faith because Plaintiff misstates the date on which the Motion to Quash was filed.  As set forth above, the Motion to Quash was filed on March 10, 2009.  Doc. No. 22.  While the Certificate of Service states that the Motion to Quash was filed on March 10, 2009, the docket and date stamp reflect otherwise.  Doc. No. 22 at 9.  In the Notice of Appeal, Plaintiff continues to allege that the Motion to Quash was filed on February 19, 2009.  Doc. No. 24 at 1.  Plaintiff's misstatement is significant because she utilizes the erroneous date to argue that her response to the Motion to Dismiss was timely, when it clearly was not timely.  *See* Doc. Nos. 20-21, 23-24.  The record establishes that the District Court correctly held Plaintiff failed to timely respond to the Motion to Dismiss.  Thus, the undersigned finds that Plaintiff's appeal is not taken in good faith.

For the above stated reason, the undersigned recommends that the Court enter an order denying the Motion and certify that the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 21, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy